J. PERCY DUNN *vs*. MARGARET A. WHEELER.

Penobscot.    Opinion February 19, 1894.

*Deed.    Trust.    Vested Right.    Disseizin.*

A husband conveyed, without words of inheritance outside of the *habendum*, a homestead to his wife to be held by her for the benefit of herself and their children until the youngest child should arrive at the age twenty-one; the *habendum* being in these words: "To have and to hold said premises to said Margaret my wife, in trust for said children, and to said children [naming them,] or such of them as arrive at the age of twenty-one years, and to said Margaret in case of their decease, and to their and her heirs and assigns forever." *Held;* That when the youngest child became of age, the father having deceased before that time, the estate in trust became terminated, and an estate in fee vested in the children surviving.

The wife could not acquire any right to the premises by disseizin while in possession under the terms of the trust.

ON REPORT.

This was a petition for partition.

The case is stated in the opinion.

*James L. Doherty*, for plaintiff.

*C. A. Cushman*, for defendant.

SITTING:   PETERS, C. J.,   LIBBEY,   EMERY,   HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J.   The questions arising in this case depend for their solution on the construction to be given to a deed of John Boyle to his wife, Margaret Boyle, dated October 13, 1858, on the eve of his departure from his home in this State for California from which country he never returned, having deceased there in the year 1870.

The substantial portion of the instrument of conveyance, duly signed and executed, is as follows:

"Whereas, I, John Boyle of Oldtown, am seized in fee of lot numbered eight, and lot F on Treat and Webster's Island in Oldtown, Stewart plan, and am about to go to the State of California, leaving my wife Margaret Boyle and three children. Now, therefore, I, said Boyle, for the purpose of securing said

property to my wife and children in case of my death or inability to return, in consideration of one dollar, to me by her paid, of her goods and property, do hereby convey and sell to her, said Margaret, the property aforesaid as follows : First, in trust for the use of my three children, Francis E., Andrew B., and Margaret Ann Boyle, or to such one or more of said children as arrive at the age of twenty-one years, and in case of the decease of said children during their minority, then to said Margaret, my wife, in fee, and I especially prohibit any sale of said property during the minority of said children, and any sale or disposition thereof whatever that shall leave said children out of possession of said property shall be void against them at coming of age, whether made by said Margaret or any guardian of said children, it being my intention to keep and retain said property for a home for said family during the minority of said children, not intending hereby to deprive said Margaret of dower in said premises in case of my decease."

"To have and to hold said premises to said Margaret, my wife, in trust for said children, and to said Francis, Andrew and Margaret, or such of them *as* arrivs at the age of twenty-one years, and to said Margaret in case of their decease, and to their and her heirs and assigns forever."

" Provided, however, if I return to Oldtown at any time after November, 1858, and assert an ownership over said property by making a deed of conveyance thereof, then this deed shall be void and shall not be set up against a conveyance by me made at Oldtown, hereafter aforesaid, nor shall this deed have any force or effect against a conveyance of said property made by me and said Margaret, my wife, jointly, but such joint deed shall convey said estate notwithstanding this deed."

It is not at all difficult to see what the parties meant. The prime purpose was, evidently, to create a deed of trust from husband to wife for the benefit of their three children, the trust to continue until the youngest of the three should attain the age of twenty-one years. That trust has performed its intended purpose and has become terminated. The youngest child was long ago more than twenty-one years old.

And now comes the point of dispute between the widow and the heirs as to the ownership of the estate covered by the deed after the termination of such trust. Did the widow then take the estate in fee by the terms of the deed, or did it go to the three children? It seems plain enough from the *habendum* clause, if not elsewhere disclosed in the deed, that the children and their survivors were to have the estate when the trust terminated. If, however, the children were all deceased at such time then their mother was to have the fee. And, whether the estate should go to the children or to the mother at the termination of the trust, it was to be to them and their heirs and assigns or to her and her heirs and assigns forever.

The other conditions named in the deed upon which it might become void or be terminated are at this date of no consequence whatever, inasmuch as such conditions did not occur and cannot now ever occur.

If it should be regarded as questionable whether the deed contains language competent and sufficient to constitute a technical conveyance to the heirs after the expiration of the trust, it will be enough to vest the estate in them that the deed may operate as an equitable conveyance for their benefit, and that the legal estate would inure to them by the right of inheritance from their father.

The petitioner is the only child and heir of one of the Boyle children, his father and mother being deceased, and claims an undivided third of the premises described in his petition, such premises being a portion of those described in the deed in question, subject to dower therein belonging to his grandmother.

It is not a defense against his claim that at the age of fifteen he, in 1886, joined with his grandmother and her two surviving children in a conveyance of the premises to the respondent. As soon as he became of age he disaffirmed and repudiated his participation in the conveyance and commenced these proceedings for partition. Nor can it be maintained, as attempted to be by the defense that the grantee, Margaret Boyle, was occupying adversely to her children during the continuance of the trust when in the use and occupation of the estate intrusted

to her for her and their benefit. Even if she could have repudiated the trust she never undertook to do so.

*Judgment for partition and for costs.*